1  Sharon Styles-Anderson, Esq.
2  **700 Southern Ave., SE**
   **Washington, DC 20032**
3  Telephone: (301) 370-9855
4  Fax: (202) 561-4255

5  *Attorney for Plaintiff*

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF DISTRICT OF COLUMBIA**

9  KEVIN WEAVER                          Case No.:

10                      *Plaintiff,*      COMPLAINT FOR DAMAGES FOR:
                                          1.   VIOLATION OF CIVIL RIGHTS
11     vs.                                     42 U.S.C. § 1983, First Amendment
                                          2.   VIOLATION OF CIVIL RIGHTS
12  JOSHUA TRETTER, DARIN BOOHER,              42 U.S.C. § 1983, Fourth
13  WASHINGTON, DC METROPOLITAN                Amendment (Unreasonable Seizure
    POLICE DEPARTMENT, DISTRICT OF            and Search)
14  COLUMBIA GOVERNMENT                   3.   VIOLATION OF CIVIL RIGHTS,
                                               42 U.S.C. §§ 1983, 1985, 1986
15                      *Defendants.*           (Conspiracy to Violate Civil Rights)
                                          4.   VIOLATION OF CIVIL RIGHTS
16                                             42 U.S.C. § 1983 Municipal
                                               Liability Unconstitutional Practice,
17                                             Custom, or Policy
                                          5.   VIOLATION OF CIVIL RIGHTS
18                                             42 U.S.C. § 1983 Municipal
19                                             (District of Columbia) and
                                               Individual Supervisory Liability
20                                             (Failure to train, supervise,
                                               discipline)

21                                        SUPPLEMENTAL STATE CLAIMS
22                                        6.   Assault
                                          7.   Battery
23                                        8.   False Arrest/ False Imprisonment
                                          9.   Negligence
24                                        10.  Intentional Infliction of Emotional
                                               Distress
25                                        11.  Violation of Civil Rights

26                                        JURY DEMAND

27
            **PLAINTIFF ALLEGES AS FOLLOWS:**
28

1

This is a complaint for damages based upon Federal and State civil rights violations and state torts committed by the District of Columbia Government, Metropolitan Police Department and their officials, uniformed peace officers, employees and/or agents.  This case is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and District of Columbia  state law.  Federal jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (a)(1-4). The court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a).  In accordance with the requirements of the District of Columbia Code, the requisite Claim for Damages for Plaintiff was timely filed with the DISTRICT OF COLUMBIA  and subsequently rejected.

## JURISDICTION

1.    This case is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 (1-4).  This court also has subject matter jurisdiction over the state claims and over defendants pursuant to 28 U.S.C. § 1367.

## VENUE

2.    The claims alleged herein arose from events or omissions occurring in the District of Columbia.  Therefore, venue lies in the District of District of Columbia. 28 U.S.C. 1391(b)(2).

## PARTIES

### PLAINTIFF

3.    Plaintiff KEVIN WEAVER is a resident of the District of Columbia, State of District of Columbia.  At all times material to this complaint, plaintiff was a private citizen of the State of District of Columbia, United States of America.

## DEFENDANTS

4.   Plaintiff is informed, believes and thereupon alleges that Defendant JOSHUA TRETTER, was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as the law enforcement officer of the Washington, DC Metropolitan Police Department.

5.   Plaintiff is informed, believes and thereupon alleges that Defendant DARIN BOOHER was at all times material herein a policy maker and/or supervisor and acting under color of law within the course and scope of his employment and office as a law enforcement officer of the Washington, DC Metropolitan Police Department.

6.   Plaintiffs are informed, believe and thereupon allege that Defendant DISTRICT OF COLUMBIA , (herein after "DISTRICT"), is a duly constituted governmental entity in the state of District of Columbia , and is, or was the employer of one, or all, other individually named defendants who are sued in their individual and official capacities.

7.   Plaintiff is informed, believe and thereupon allege that Defendant METROPOLITAN POLICE DEPARTMENT, (herein after "DEPARTMENT"), is an agency of a duly constituted governmental entity in the  District of Columbia , and is, or was the employer of one, or all, other individually named defendants who are sued in their individual and official capacities. The identities, capacities and/or or nature of involvement of defendant are presently unknown to plaintiff. Plaintiff is informed and believes, and based upon that belief alleges, that there is likely to be evidentiary support to prove that each OFFICER was involved in some manner and legally responsible for the misconduct alleged below.  Plaintiff is informed and believes all are agents, servants or employees of Defendant DISTRICT.

3

8.     Plaintiff is informed and believes, and based upon that belief alleges that all Defendants employed by DISTRICT AND/OR DEPARTMENT were, at all times relevant and material to this complaint, acting within the course and scope of their employment duties for DISTRICT AND/OR DEPARTMENT, and under color of law.  Plaintiff is informed, believes and thereupon alleges that each of the individual defendant's acts were known to, discovered by, approved and/or ratified by defendants DISTRICT AND/OR DEPARTMENT, by and through their policy makers, decision makers, and/or supervisors.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### OVERVIEW

9.     On or about December 22, 2012, at approximately 12:00 am, at or near 4229 Nash Street, SE, in the District of Columbia. Plaintiff KEVIN WEAVER was unlawfully detained, assaulted, pulled out of his car, seized, searched, violently battered, falsely arrested and imprisoned, defamed, embarrassed and subjected to intense physical pain and severe emotional distress, all without lawful reason, cause, or excuse, by Metropolitan Police Officers Joshua Tretter and Darin Booher.  Additionally, Defendants Booher and Tretter dragged, and subjected Plaintiff to further distress while waiting for over an hour to transport him for medical attention. Moreover, several unidentified Metropolitan Police Department personnel, and supervisors, officials approved of, and failed to prevent and ratified said conduct.

### DETAILS

10.    Plaintiff KEVIN WEAVER is an African American man.

4

11. At about 11:45 p.m., on December 22, 2012, Mr. Weaver parked in front of his home at 4229 Nash Street, SE Washington, DC.

12. Mr. Weaver had worked that day, as a commercial truck driver. He had returned home, and then left his home that evening to see his son to give him money for Christmas.

13. As Mr. Weaver was returning home, and parking his car, Defendants Booher and Tretter approached his vehicle. Defendants Booher and Tretter then initiated contact with Mr. Weaver and stopped him.

14. Mr. Weaver exclaimed a verbal viewpoint in opposition toward the police, and disagreement with why he was being stopped by the police, and the way he was being treated by Defendants Booher and Tretter.

15. Defendants Booher and Tretter then took hold of Mr. Weaver's left arm and right arm, slammed him to the ground, and dragged Mr. Weaver along the ground.

16. Mr. Weaver continued to express disagreement with the way he was being treated by Defendants Booher and Tretter. He began to yell for help, and for his wife to come out of the house to witness what was occurring.

17. Mr. Weaver's wife came out, and witnessed Mr. Weaver on the ground, and bleeding. Mrs. Weaver, took a video, and Mr. and Mrs. Weaver took pictures of Mr. Weaver's injuries, which displayed bruises, and scratches.

18. Defendants Booher and Tretter then falsely arrested Mr. Weaver and charged him with resisting, obstructing, and/or delaying a police officer.

19. Defendants Booher and Tretter, after arresting Mr. Weaver, waited for over an hour for a transport and even after injuring him took him the hospital and then to Department's jail where he was held in custody.

20. At no time during the events described in this complaint did Mr. Weaver engage in any unlawful conduct, or conduct from which probable cause or reasonable suspicion could, or did, lawfully arise.

5

21. The force used upon Mr. Weaver by Defendants Booher and Tretter was unwarranted, unwanted, harmful, unjustified, unlawful, unreasonable, unprivileged and excessive.

22. The stop, detention, arrest and imprisonment of Mr. Weaver by Defendants Booher and Tretter were all unwarranted, unjustified, unlawful, unreasonable, and unprivileged.

23. At all times during the events described in this complaint, wherein Mr. Weaver suffered unwanted physical contact by from Defendants Booher and Tretter, Mr. Weaver feared the occurrence of said contact.

24. Mr. Weaver was injured, suffered an asthma attack and was unable to work and engage in normal activities for a week, after he was assaulted, battered, and detained by Defendants Booher and Tretter.

25. Mr. Weaver and family suffered emotional trauma and pain from the actions by Defendants Booher and Tretter.

26. Mr. Weaver and family were forced to take off work to attend trial and defend the case wrongfully brought by Defendants Booher and Tretter.

27. Mr. Weaver and family were forced to suffer humiliation during the trial at which Defendants Booher and Tretter and other members of the Metropolitan Police Department testified, in an attempt to justify their wrongful actions.

28. Defendants, and each of them, performed all of the acts described herein above because Mr. Weaver chose to verbally express concern with the way he was being treated by Defendants Booher and Tretter, and why he was being stopped.

## SCOPE AND NATURE OF ALLEGATIONS

29. Plaintiff is informed, believes and thereupon alleges that officials, supervisors, policy makers and other individuals with the authority to set or

6

modify municipal and/or departmental policy, dejure, or defacto, of Defendant DISTRICT, METROPOLITAN POLICE DEPARTMENT participated in, approved of, ratified and/or failed to prevent the acts by Defendants BOOHER AND TRETTER AND DOES INCORPORATE 2 THROUGH 29, complained of by Plaintiff.

30.   Plaintiff is informed, believes and thereupon alleges that at all times herein mentioned, each of the DEFENDANTS; including officials, supervisors, watch commanders and other policy makers from Defendants METROPOLITAN POLICE DEPARTMENT, and their police agencies; was the agent, employee, of one other, some, or all of their Co-defendants. Plaintiff is informed, believes and thereupon alleges that each of the DEFENDANTS, acting individually, and in concert with each other, engaged in a common plan to wrongfully deprive Plaintiff of his rights to: free expression, security in his person and effects, freedom from unreasonable searches and seizures, equal protection and due process of law. Each and all of the things done by each DEFENDANT against PLAINTIFF, as mentioned in this entire Complaint, were done because of PLAINTIFF'S expression through speech. And, in doing each and all of the things herein mentioned, or neglecting or intentionally failing to rectify said misconduct, each and all DEFENDANTS were acting pursuant to a defacto policy and within the scope of such agency, employment and conspiracy and with full permission, knowledge, approval, ratification and support of each other.

## DAMAGES

31.   The aforementioned acts of Defendants DISTRICT OF COLUMBIA , METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER, and each of them, directly and proximately, caused Plaintiff KEVIN WEAVER to suffer: loss of freedom of speech; loss of enjoyment of freedom of speech;

loss of personal liberty and freedom to physically move about; loss of enjoyment of personal liberty and freedom to physically move about; defamation and damage to reputation in the community and amongst his peers and neighbors; humiliation; emotional and physical injury and pain and suffering, along with great and extreme mental anguish; loss of sums for diagnosis and treatment of said physical injury and pain and suffering; lost earnings and wages; and bail expenses and other expenses associated with Court proceedings.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST ALL DEFENDANTS
### Violation of Civil Rights 42 U.S.C. § 1983
### Violation of First Amendment Right of Free Speech

32.   Plaintiff incorporates paragraphs 1-31, as though fully set forth herein.

33.   This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

34.   The First Amendment to the Constitution of the United States guarantees Plaintiff's freedom of speech and assembly permitting Plaintiff to, inter alia, freely and lawfully express opinions or ideas. This expression may be accomplished verbally.

35.   The acts complained of herein were directed toward Plaintiff because of his verbal expression of criticism of the police, inter alia, in the hearing and presence of others who then witnessed the arrest and battery of Plaintiff, thus chilling such expression by deterring Plaintiff and other persons

engaging in such expression by performing and threatening physical assaults and batteries of the type described herein.

36.  Plaintiff had an absolute right to say what he chose to say. The acts of Defendants were deliberate and in contemplation of intimidating and silencing Plaintiff and the persons in the area who did harbor, or may have harbored, similar beliefs, and were done with malice and oppression.

## SECOND CLAIM FOR RELIEF
### Violation of Fourth Amendment (Unlawful Seizure / Excessive Force)
### BY PLAINTIFF AGAINST ALL DEFENDANTS

37.  Plaintiff incorporates paragraphs 1-36, as though fully set forth herein.

38.  This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

39.  The seizure of, use of excessive force upon, AND search of Plaintiff Weaver were without reasonable suspicion, probable cause, or warrant, or any recognized exceptions thereto, or justification or excuse, and were thus unreasonable, in violation of Plaintiff's Fourth Amendment right to be free of unreasonable search and seizure.

## THIRD CLAIM FOR RELIEF
### Violation of Civil Rights 42 U.S.C. §§ 1983, 1985, 1986
### Conspiracy to Violate Civil Rights

40.  Plaintiff incorporates paragraphs 1-39, as though fully set forth herein.

41.  This cause of action arises under United States Code, Title 42, Sections 1983, 1985 and 1986, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the

9

First, Fourth, and Fourteenth Amendments to the United States Constitution.

42.   DEFENDANTS, and each of them, acted as described herein above, in conspiracy with, and with the agreement, permission, ratification, and approval of, each other to violate Plaintiff's civil rights, under the U.S. Constitution as stated herein this Complaint.

## FOURTH  CLAIM FOR RELIEF
### Violation of Civil Rights 42 U.S.C. § 1983
### Unconstitutional Policy Custom or Procedure –
### PLAINTIFF AGAINST DEFENDANTS DISTRICT OF COLUMBIA AND METROPOLITAN POLICE DEPARTMENT

43.   Plaintiff incorporates paragraphs 1-42, as though fully set forth herein.

44.   This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

45.   Defendant violated Plaintiff's constitutional rights, as alleged herein above, by creating and maintaining the following unconstitutional customs and practices, inter alia:

46.   Plaintiff alleges that Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT have a de facto policy, custom or practice of harassing, intimidating and threatening to arrest and arresting persons who exercise their First Amendment right of freedom expression to criticize police officers or question the circumstances under which they are contacted, investigated or detained by police officers;

47.   Plaintiff alleges that Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT have a de facto policy, custom or practice of

10

inadequately investigating its police officer employees upon complaints of misconduct or Claims for Damages involving police misconduct;

48. Plaintiff alleges that Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT have a de facto policy, custom or practice of failing to discipline, failing to investigate, and of retaining, personnel who falsely arrest persons in violation of constitutional rights;

49. Plaintiff alleges that Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT have a de facto policy, custom or practice of condoning, ratifying, failing to discipline, failing to investigate, and of retaining, personnel who use excessive and/or unjustified force upon persons with whom they come into contact in violation of constitutional rights;

50. Defendants DISTRICT'S AND/OR METROPOLITAN POLICE DEPARTMENT'S policies or customs caused and were the moving force or affirmative link behind some or all of the violations of Plaintiff's constitutional rights at issue in this case;

51. Plaintiff is informed, believes and thereupon alleges that these policies, practices, customs and procedures are intentional or the result of deliberate acts and/or omissions on the part of Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT, by and through their decision makers.

52. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiff.

53. It is alleged that some or all of Plaintiff's injuries are of a permanent nature.

54. Plaintiff specifically alleges that Defendants DISTRICT'S AND/OR METROPOLITAN POLICE DEPARTMENT'S policy, custom and/or practices, as described in paragraphs 46 through 56 herein, were within the control of Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT and within the feasibility of Defendants DISTRICT

AND/OR METROPOLITAN POLICE DEPARTMENT, to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

**FIFTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983 – Pattern of Failure to Train,**

**Supervise, Discipline or Correct**

**BY PLAINTIFF AGAINST DEFENDANTS DISTRICT,**

**METROPOLITAN POLIC E DEPARTMENT**

**42 U.S.C. § 1983 – Individual Supervisory Liability –**

**BY PLAINTIFF AGAINST DEFENDANT METROPOLITAN POLICE**

**DEPARTMENT**

55. Plaintiff incorporates paragraphs 1-54, as though fully set forth herein.

56. This cause of action arises under United States Code, Title 42, Section 1983, wherein Plaintiff seeks to redress a deprivation under color of law of a right, privilege or immunity secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

57. Defendant violated Plaintiff's constitutional rights, as alleged herein above, by creating and maintaining the following unconstitutional customs and practices, inter alia:

58. Plaintiff is informed, believes and thereupon alleges that Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT, have ample reason to know, based upon arrest reports, claims for damages, inter alia, that DEPARTMENT'S officers and/or employees regularly engage in the misdeeds set forth in paragraphs 49-52, herein above;

59. Plaintiff is informed, believes and thereupon alleges that Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT, and BOOHER, have failed to properly train, supervise and/or discipline

employees, officers, managers and supervisors within DISTRICT and/or METROPOLITAN POLICE DEPARTMENT as to the legal requirements and protections applicable to persons as set forth in the U.S. and District of Columbia Constitutions, and other laws.

60. Plaintiff alleges that these failures amount to a defacto policy and are intentional or the result of deliberate indifference on the part of Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT, by and through their decision makers. These include, but are not limited to, Defendant BOOHER, and his subordinates, as necessary to further these improper policies, practices, customs and procedures.

61. The foregoing unconstitutional acts and/or omissions were a direct and legal cause of harm to Plaintiff.

62. It is alleged that some or all of Plaintiff's injuries are of a permanent nature.

63. DEFENDANT BOOHER acted in a supervisory capacity with respect to the incidents involving Plaintiff. In that capacity, Defendant BOOHER acted intentionally, maliciously, in conscious disregard, and with deliberate indifference to the rights of Plaintiff. These supervisory failures directly caused and contributed to Plaintiff's damages.

64. Plaintiff specifically alleges that Defendant DISTRICT'S AND/OR METROPOLITAN POLICE DEPARTMENT'S acts and/or omissions, as described in paragraphs 58 through 63 herein, was within the control of Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT and within the feasibility of Defendants DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT, to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiff.

## SIXTH CLAIM FOR RELIEF

**BY PLAINTIFF AGAINST DEFENDANTS BOOHER, TRETTER,**
**DISTRICT OF COLUMBIA AND METROPOLITAN POLICE**
**DEPARTMENT**
**SUPPLEMENTAL STATE LAW CLAIM -- ASSAULT**

65.   Plaintiff incorporates paragraphs 1-64, as though fully set forth herein.

66.   This cause of action arises under the general laws and the District of Columbia. Plaintiff Weaver has complied with the District of Columbia Tort Claims Act requirements.

67.   As described in detail herein above, Defendants Booher and Tretter, assaulted Mr. Weaver by acting intentionally to place him in reasonable apprehension of immediate harmful or offensive contact by threatening and attempting to seize him, and seizing him, and had the present ability to cause such contact.

68.   DEFENDANTS DISTRICT OF COLUMBIA AND/OR METROPOLITAN POLICE DEPARTMENT, are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at District of Columbia  Government Code § 815.2.


**SEVENTH CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST DEFENDANTS BOOHER AND TRETTER,**
**DISTRICT OF COLUMBIA AND METROPOLITAN POLICE**
**DEPARTMENT**
**SUPPLEMENTAL STATE LAW CLAIM -- BATTERY**

69.   Plaintiff incorporates paragraphs 1-68, as though fully set forth herein.

70.   This cause of action arises under the general laws and laws of the District of Columbia. Plaintiff has complied with the District of Columbia Tort Claims Act requirements.

71. Defendants Booher and Tretter, and each of them, battered Plaintiff Weaver, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Plaintiff.

72. DEFENDANTS DISTRICT OF COLUMBIA AND/OR METROPOLITAN POLICE DEPARTMENT are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at District of Columbia  Government Code § 815.2.


## EIGHTH CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST DEFENDANTS BOOHER, TRETTER
### DISTRICT OF COLUMBIA AND METROPOLITAN POLICE
### SUPPLEMENTAL STATE LAW CLAIM
### FOR FALSE ARREST/FALSE IMPRISONMENT

73. Plaintiff incorporates paragraphs 1-72, as though fully set forth herein.

74. This cause of action arises under the general laws of the District of Columbia. Plaintiff has complied with the District of Columbia Tort Claims Act requirements.

75. DEFENDANTS BOOHER AND TRETTER had no probable cause or other legal justification to detain, seize or arrest Plaintiff on the date in question, nor to continue to hold him for any duration of time thereafter.

76. DEFENDANTS BOOHER AND TRETTER, falsely arrested and falsely imprisoned Plaintiff when they seized Plaintiff, handcuffed him and confined him in the METROPOLITAN POLICE DEPARTMENT'S vehicles, and DISTRICT OF COLUMBIA'S detention facilities under threat or show of authority, which Plaintiff was not free to disregard or ignore.

15

77. DEFENDANTS BOOHER AND TRETTER falsely arrested and falsely imprisoned Plaintiff when they seized Plaintiff in front of his home.

78. DEFENDANTS DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at District of Columbia Government Code § 815.2.

## NINTH CLAIM FOR RELIEF
### BY PLAINTIFF AGAINST ALL DEFENDANTS
### SUPPLEMENTAL STATE LAW CLAIM FOR NEGLIGENCE

79. Plaintiff incorporates paragraphs 1-78, as though fully set forth herein.

80. This cause of action arises under the general laws of the State of District of Columbia. Plaintiff has complied with the District of Columbia Tort Claims Act requirements.

81. For purposes of this cause of action only, allegations are deemed to sound in negligence.

82. At all times material herein, DEFENDANTS DISTRICT OF COLUMBIA, METROPOLITAN POLICE DEPARTMENT, BOOHER, AND TRETTER, and each of them, should have acted reasonably to avoid, or foresee, the risk that said DEFENDANTS themselves, or their colleagues or subordinates, would effect an arrest or detention in the absence of reasonable suspicion or probable cause, and/or would arrest, or otherwise interfere with or act to curtail the civil rights of, or endanger, a person expressing dislike of police officers, and/or the actions being taken against him by police officers.

83. DEFENDANTS DISTRICT, METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER, and each of them, breached their duty of care by not acting reasonably under the circumstances of such risk, as described herein

above, and/or by impeding, arresting or otherwise curtailing the civil rights of, or endangering, without lawful basis, Plaintiff.

84. DEFENDANTS DISTRICT, METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER, and each of them, breached their duty of care by not acting reasonably under the circumstances of such risk, as described herein above, and/or by failing to discharge their respective duties to appropriately screen and train the police officers they accept into the department and investigate and discipline officers for misconduct.

85. All said DEFENDANTS, and each of them, ratified the aforesaid conduct committed under color of law.

86. Each DEFENDANT'S aforesaid breaches of duty were proximate and actual causes of injury to PLAINTIFF.

87. DEFENDANTS DISTRICT AND/OR METROPOLITAN POLICE DEPARTMENT are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at District of Columbia Government Code § 815.2.

## TENTH CLAIM FOR RELIEF
**BY PLAINTIFF AGAINST DEFENDANTS DEFENDANTS DISTRICT, METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER RUSK, SUPPLEMENTAL STATE LAW CLAIM**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

88. Plaintiffs incorporate paragraphs 1-87, as though fully set forth herein.

89. This cause of action arises under the general laws District of Columbia .

90. Plaintiff has complied with the District of Columbia Tort Claims Act requirements.

17

91.   In committing the aforesaid acts and omissions specified in Paragraphs 1 through 90, DEFENDANTS BOOHER, AND TRETTER, and each of them, acted intentionally, recklessly, and/or in conscious disregard with respect to the high probability that their conduct would likely result in severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, dismay and anguish to Plaintiff, with or without accompanying physical symptoms.

92.   Each Defendant's acts and omissions as specified in Paragraphs 1 through 32, were outrageous and shocking to the conscience of an ordinary person, and caused in Plaintiff, severe emotional distress, embarrassment, humiliation, extreme fear, anxiety, panic attacks, shock, loss of sleep, dismay and anguish and was a substantial factor in causing damage and injury to Plaintiff as set forth herein.

93.   DEFENDANTS DISTRICT, METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at District of Columbia  Government Code § 815.2.


**TWELFTH CLAIM FOR RELIEF**
**BY PLAINTIFF AGAINST ALL DEFENDANTS**
**SUPPLEMENTAL STATE LAW CLAIM**
**FOR VIOLATION OF CIVIL RIGHTS**
**(DISTRICT OF COLUMBIA CIVIL CODE §§ 51.7, 52(b) and 52.1)**

94.   Plaintiff incorporates paragraphs 1-93, as though fully set forth herein.

95.   This cause of action arises under the general laws of the State of District of Columbia. Plaintiff has complied with the District of Columbia Tort Claims Act requirements.

96.   DEFENDANTS DISTRICT, METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER, and each of them, by doing and/or causing the acts complained of in this entire Complaint, violated Plaintiff's civil rights under the United States and District of Columbia Constitutions, as well as District of Columbia Civil Code Sections 52.1, 52(b) and 51.7 by doing the acts described herein above. Said acts were in violation of Article I, Sections 2, 3, 7 and 13 of the District of Columbia Code, and were done by each Defendant, because of Plaintiff's exercise of freedom of expression in criticizing the police.

97.   DEFENDANTS DISTRICT, METROPOLITAN POLICE DEPARTMENT, BOOHER, TRETTER are liable to Plaintiff for the acts of their public employees, the individual defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at District of Columbia  Government Code § 815.2.

98.   DEFENDANTS, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, and penalties and attorneys' fees as provided in District of Columbia Civil Code §§ 52(b), including but not limited to an amount no less than $500,000 to Plaintiff, per each Defendant, per each violation of right, in addition to all other remedies supported by or provided for by law. Non-governmental entity defendants are also liable to Plaintiff for exemplary and punitive damages.

99.   DEFENDANTS, for the respective acts and violations pleaded herein above, are liable to Plaintiff for attorneys' fees as provided in District of Columbia Civil Code § 52(b)(3).

100.  DEFENDANTS, for the respective acts and violations pleaded herein above, are liable to Plaintiff for damages, penalties and attorneys' fees as provided in District of Columbia   Civil Code § 52.1(b). Non-governmental entity defendants are also liable Plaintiff for exemplary and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KEVIN WEAVER prays for the following relief from Defendants, and each of them, for each of the above causes of action:

1. For compensatory damages, including general and special damages, according to proof;

2. For punitive damages pursuant to 42 U.S.C. §1983 and District of Columbia  Civil Code §§ 3294 and 52.1(b), and any other applicable laws or statutes, in an amount sufficient to deter and make an example of each non-governmental entity Defendant;

3. For statutory damages, according to proof,

4. For prejudgment interest according to proof;

5. For reasonable attorney fees pursuant to 42 U.S.C. §§ 1983, 1986, 1988, District of Columbia  Civil Code §§ 52.1, 52(b)(3), District of Columbia   Code of Civil Procedure § 1025.1, and any other applicable provisions;

6. For costs of suit; and

7. For such further relief which is just and proper.

Respectfully submitted,

DATE:  February 21, 2015

_____

Sharon Styles-Anderson, Esquire
Attorney for the Plaintiff

20

1

2  //

3  ## **JURY DEMAND**

4  Plaintiff hereby demands trial by jury in this action.

5

6

7  Respectfully submitted,

8  DATE: February 21, 2015

9

10  _____/s/_____

11  Sharon Styles-Anderson, Esquire

12  Attorney for the Plaintiff

13  //

14  //

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Complaint for Damages